Our next case for argument is 24-1081, Liu v. Hyper Bicycles. Good morning, Your Honors. Christopher Hultquist for Appellant Boston and Liu. We're here on a de novo review of some of the judgments that was granted in the Massachusetts Federal District Court on a patent infringement claim regarding design patents for a motorbike and speedway. The panel contends that during the summary judgment motion proceedings that the court failed to look at deposition testimony that was presented, as well as statements in a counterclaim that Liu contends should have made summary judgment in the wrong way. Counsel, do you agree that the failure to include a response to the statement of undisputed material facts was an independent basis for the district court's summary judgment decision? I think from his memorandum and decision, Your Honor, he did mention that. I don't think that was the basis of his decision, though. I think the way he was looking at it, he totally disregarded the record evidence from the deposition transcripts provided. And I think he didn't address at all Liu's contention that statements in the counterclaim constituted an admission of issues of fact that should have precluded the issuance of summary judgment. Well, I mean, counsel, on page four of his opinion, he says, I mean, you know there are local rules that every court has. And that his court has a local rule that if you don't provide a counter statement of material fact, if you don't actually oppose the statement of material fact provided, that those facts may be deemed admitted for the purposes of the motion. And he says, hyperstatement of material facts is dispositive of the issues raised in the summary judgment motion. It feels like a holding. Well, I understand that, Your Honor. But he did address the other issues that I mentioned as well. Yeah, then he goes on and says, even if this court were to consider the other issues. I mean, that's usually the language we use when we say moreover, right? Like, moreover. Understood, Your Honor. Well, the problem is you didn't even appeal that issue in your blue brief. So you waived that issue. So if we construe his opinion as providing two completely independent reasons for coming out the way he did, and if on appeal you only addressed one of those reasons, then there's no relief that this court can afford you. Your Honor, I hope you can ignore that portion of the court's order and address the issues. Why would we do that? I mean, you didn't comply with the rules. He said you didn't comply with the rules. So their statement of facts are deemed unopposed, basically. And on the unopposed facts, you lose. Well, I believe, Your Honor, I think even looking at those unopposed facts, I believe, I don't think that would be enough to grant the motion. You didn't argue that, though. I did not. Thank you. OK, do you want to address anything else? If you've had any other questions, Your Honor, I certainly will address them now. Thank you, counsel. Let's hear from Mr. Ekoff. Thank you, Your Honors, and good morning. And may it please the court, my name is Lawrence Ekoff. I'm appearing on behalf of the Appellee Hyperbicycles. To address what the court indicated in response to Palin's argument, the district court absolutely ruled in favor of summary judgment on both the procedural grounds as well as the substantive basis. Do you agree that because those are alternative holdings and one was an appeal that we have to affirm? Absolutely. And in fact, I think we even indicated in our respondents brief that that was a basis for which this court could affirm. The statement of undisputed facts, which is beginning in appendix 595, there are in that statement, I believe, over 49 separate undisputed facts with reference to evidence. And those are, one, there was no infringement. Two, there were no damages. Every single element and every single issue in this case was presented in that undisputed statement of material facts. None of them were contested, not only at the district court level, but none of them were contested on appeal. So what the record is before this court is all of those facts have been admitted. The district court did go on to say that even if it were to ignore that, which it didn't, it said that that was an independent grounds, and it also was an independent grounds for this court to affirm, even on a substantive basis, the appellants still failed. The two arguments they raised were simply that of the testimony of Mr. Liu that he saw products being sold, and secondly, with respect to the counterclaim language. So I think neither of those issues, and those were addressed directly by the court, and the court did find that those were unpersuasive arguments, that there was no evidence of any infringement that was brought by the appellant in the court below. The court found none, no evidence to present of any such infringement, and absolutely no evidence of damages. The appellant stands here before this court, as it did before the district court, wondering why. Why was it brought here? Lawsuit was filed, three years, fees, costs were incurred, yet no discovery was conducted, no evidence, no subpoenas, no expert testimony, no expert damages, nothing was even presented to the court below. And this record, on a very scant record, as the district court experienced, simply was unpersuasive argument. We questioned why, and we think this court should affirm that certainly the motion for summary judgment was properly granted, the court's reasoning was well-reasoned, and we ask this court to affirm the district court's ruling on granting of summary judgment. OK, thank you, Mr. Yukoff. Mr. Holquist, you have rebuttal time. Your Honor, I would rely on my brief. However, there's just one thing I want to clarify. The issue regarding the timing in the three years with nothing going on, that I think isn't accurate. There was a time where, after the case was filed, after claims construction, there was a withdrawal of counsel, and it took a great amount of time for an appellee to get substitute counsel in there. So I just want to clarify that for the record, Your Honor. OK, thank you, counsel. We thank both counsel. This case is taken under submission.